UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FLORIDA MARINE TRANSPORTERS, INC.                    CIVIL ACTION
AND PBC MANAGEMENT, INC.

VERSUS                                                               NO.  07-3604

SCOTT BARBERICH                                             SECTION  "N"

## ORDER AND REASONS

Presently before the Court is Plaintiffs'  Motion to Consolidate the present action with *Scott Barberich v. Florida Marine Transporters, Inc., PBC Management, Inc., and JAR Assets, Inc.*, Civil Action No. 07-5250.  *See* Rec. Doc No. 9.  As stated herein, **IT IS ORDERED** that the motion is **GRANTED**.

As recognized by all parties, the claims asserted in both actions arise from Mr. Barberich's April 20, 2007 accident aboard the M/V JERRY JONES.  Although Mr. Barberich's action asserts additional causes of action, his right to maintenance and cure is at issue in both actions.  Thus, the actions unquestionably "involve a common issue of law or fact,"  *see* Fed. R. Civ. P. 42(a), and hardly would "create  . . . judicial chaos," as Mr. Barberich suggests, if consolidated. *See* Memorandum in Opposition ("Opp. Mem.") (Rec. Doc. No. 13) at 4.

In opposing the motion to consolidate, Mr. Barberich also cites *numerous* cases for the proposition that "'a properly filed Jones Act suit [or *in personam* general maritime claim]

*requires* dismissal of a declaratory judgment action which arises out of the same set of facts.'" *See* Opp. Mem. at 3-4, 6 (citations omitted).  Putting aside the fact that there presently is no motion to dismiss (or stay) the instant declaratory judgment action before the Court,  Mr. Barberich fails to inform the Court that each of these cases involved dismissal or stay of a federal declaratory judgment action in favor of a *state court* action.  Here, to the contrary, the two actions at issue are both pending in federal court *and* in Section "N."  Indeed, the undersigned is astounded that Mr. Barberich's counsel apparently did not find it necessary to apprise the Court of this significant distinction.  Furthermore, in another case cited by Mr. Barberich, the court actually consolidated two federal court actions. *See Carolina Clipper, Inc. v. Axe*, 902 F. Supp. 680, 683 (E. D. Va. 1995).

Just as surprising, however, is Mr. Barberich's assertion that consolidating the two actions would eliminate his "basic Jones Act Seaman's rights, including the right to a jury and the right to a severed expedited maintenance and cure trial." *See* Opp. Mem. at 7-8.  The Supreme Court has dictated a method for preserving a Jones Act seaman's right to a jury trial under such circumstances. *See Fitzgerald v. United States Lines Co.*, 374 U.S. 16, 83 S. Ct. 1646 (1963).  In any event, moreover, Mr. Barberich has designated the action filed by him as 9(h) claim under the Federal Rules of Civil Procedure and "elect[ed] to proceed as a judge trial." *See* Complaint filed in Civil Action No. 07-5250 (Rec. Doc. No. 1) at ¶2.  Additionally, Mr. Barberich has not moved the Court for expedited consideration of the maintenance and cure issues;  nor is it clear that Plaintiffs would oppose such a request.

Given the foregoing, the Court agrees with Plaintiffs that judicial efficiency and economy, as well as the interests of justice, would be served by the consolidated of the two actions. Accordingly, **IT IS ORDERED** that the above matters are hereby consolidated.  Pursuant to the

Court's directive, all pleadings hereafter filed in this consolidated proceeding shall bear the caption of the lead consolidated case together with the docket number of all cases within the consolidation to which the document applies, or the notation "ALL CASES" if it applies to all cases.

The Clerk of Court is directed to establish a master file and a master docket sheet for the consolidated group of cases. All entries shall be made on the master docket sheet only, with a notation listing the cases to which the document applies, except that orders and documents terminating a party or disposing of a case will also be entered on the individual docket sheet. All documents shall be filed in the master file only, except that orders and documents terminating a party or disposing of a case will also be filed in the record of the individual case.

In the event that a case is separated from the consolidated group it shall be the responsibility of counsel to jointly designate the documents necessary to the continued litigation of the case and to file such designation and copies of the documents with the clerk within five days of the de-consolidation order.

**IT IS FURTHER ORDERED** that the pre-trial conference date of July 31, 2008, at 11:00 a.m., and the bench trial date of August 11, 2008, at 8:30 a.m., remain in effect for both consolidated cases.

Relative to the remainder of this litigation, as well as any future litigation involving these counsel and/or parties, the Court recognizes that counsel are obligated to diligently and vigorously represent their clients' legitimate interests. That being said, the Court *strongly* cautions all counsel and litigants that it is extremely sensitive to conduct that results in unnecessary and inappropriate consumption of the limited resources of the parties and/or the Court. Accordingly, although the Court expects vigorous representation by counsel, it likewise requires strict compliance

with Rule 11 of the Federal Rules of Civil Procedure, counsel's duty of candor to the Court, and all other ethical and professional obligations.  Such compliance includes, but certainly is not limited to, communication and professionalism amongst counsel, the parties' and counsel's on-going evaluations of the merit of the positions taken by them in this litigation, and good faith efforts to bring this litigation to a prompt resolution.  Finally, the Court expects all counsel to be familiar with the content of the pleadings filed by them in the record of these matters.  Failure to satisfy these obligations may result in the imposition of sanctions under Rule 11 and/or 28 U.S.C. §1927.

New Orleans, Louisiana, this 15th day of February, 2008.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**